IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ARISTA RECORDS LLC.,et al.,     §
    PLAINTIFFS,               §
                              §
VS.                             §  CIVIL ACTION NO. 4:05-CV-531-Y
                              §
DAVID GREUBEL,                  §
    DEFENDANT.                §

<u>OPINION AND ORDER DENYING MOTION TO DISMISS</u>

Pending before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint [doc. #15], filed February 24, 2006. Defendant David Greubel asks the Court to dismiss the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6), or alternatively, order Plaintiffs to provide a more definite statement in accordance with Rule 12(e). Having carefully reviewed the motion, response, and reply, the Court concludes that the motion should be denied.

I.  PROCEDURAL HISTORY AND BACKGROUND[1]

Plaintiffs Arista Records LLC; Capital Records, Inc.; UMG Recordings, Inc.; Elektra Entertainment Group, Inc.; and Warner Brothers Records, Inc. (collectively "Plaintiffs") filed a copyright-infringement action against Greubel on August 19, 2005. *See generally* 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1338(a). Plaintiffs assert that they own certain copyrighted sound recordings, including the sound recordings listed on Exhibit A attached to their complaint, as well as certain unspecified sound

---

[1] The factual allegations are primarily taken from the plaintiffs' complaint and are assumed to be true for purposes of a motion to dismiss under Rule 12(b)(6). *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986).

recordings found in Exhibit B, which consists of several pages of computer-screen printouts listing 1,087 computer files allegedly found on Greubel's computer. (Plf. Compl. ¶11, Exs. A-B.) Plaintiffs also assert that each of the sound recordings as to which they assert copyright ownership is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. (Plf. ¶11). Plaintiffs refer to these sound recordings collectively as "the Copyrighted Recordings," and contend that they hold the exclusive rights for reproduction and distribution of the Copyrighted Recordings. (Plf. Compl. ¶12.)

Plaintiffs allege that Greubel has used, and continues to use, an online media distribution system to download the Copyrighted Recordings without authorization, distribute the Copyrighted Recordings to the public, and/or make the Copyrighted Recordings available for distribution to others. (Plf. Compl. ¶13.). The plaintiffs seek injunctive relief, statutory damages, and their attorneys' fees for Greubel's alleged infringing conduct. (Plf. Compl. ¶17.) *See generally* 17 U.S.C. §§ 501-505. Greubel asks the court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Greubel has asked the court to order Plaintiffs to provide a more definite statement. *See generally* Fed. R. Civ. P. 12(e).


II.  STANDARD OF REVIEW

"[A] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.

2

1982).   The court must accept as true all well pleaded, non-conclusory allegations in the complaint, and must liberally construe the complaint in favor of the plaintiff. *Lowrey v. Texas A &M Univ. Sys.*, 117 F.3d 242, 246-247 (5th Cir. 1997); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). However, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not suffice to prevent the granting of a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).   A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt from the face of the plaintiff's pleadings that he can prove no set of facts in support of his claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 592, 594 (5th Cir. 1991); *Kaiser Aluminum*, 677 F.2d at 1050.  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 930 (5th Cir. 1995).

III.  DISCUSSION

A.   Failure to State a Claim

1.   Pleading Insufficiencies

Greubel contends that the complaint must be dismissed because it consists of ambiguous, vague, and conclusory allegations and lacks sufficient specificity to state a claim for copyright

3

infringement.   He complains that the plaintiffs have filed a formulaic pleading that is identical to numerous copyright-infringement complaints that have been filed nationwide by recording companies and other copyright holders against individual computer users.

Greubel contends that Plaintiffs, to sufficiently allege a cause of action for copyright infringement, must plead with some specificity those acts by the defendant that are infringing.  Broad and sweeping allegations without supporting factual assertions have been held to be insufficient.  *See Marvulla v. Gruner & Jahr*, 105 F.Supp.2d 225, 230 (S.D.N.Y. 2000).  He also relies on a series of district court cases from across the country that have required a plaintiff with a copyright-infringement claim to allege: (1) which specific original works are the subject of the claim, (2) that the plaintiff owns the copyright, (3) that the works have been registered in compliance with copyright laws, and (4) by what acts and during what time the defendant has infringed the copyright. *See Sefton v. Jew*, 201 F.Supp.2d 730, 747 (W.D. Tex. 2001); *Kelly v. L.L. Cool J*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992); *Franklin Elec. Publishers, Inc. v. Unisonic Prods. Corp.*, 763 F.Supp. 1 (S.D.N.Y. 1991); *Hartman v. Hallmark Cards, Inc.*, 639 F.Supp. 816, 820 (W.D. Mo. 1986). Greubel contends that Plaintiffs' pleading satisfies none of these four elements.

To the extent Greubel is suggesting that there is a heightened pleading requirement for copyright litigation, that position does not comport with the liberal pleading requirements found in the

Federal Rules of Civil Procedure.[2] Although Federal Rule of Civil Procedure 9 imposes heightened pleading standards for allegations of fraud or mistake, most causes of action, including copyright infringement claims, must satisfy only the minimal notice-pleading requirements of Federal Rule of Civil Procedure 8. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167-169, 113 S.Ct. 1160, 1163 (1993); *see also Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 421-22 (7th Cir. 1993)(copyright litigation); *Sefton*, 201 F.Supp.2d at 747 (W.D. Tex. 2001)(copyright litigation). Rule 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. at 998. The simplified notice-pleading standard relies on liberal discovery rules and summary-judgment motions to define the disputed facts and issues and dispose of meritless claims. *Id.* at 512, 122 S.Ct. at 998.

The court declines to adopt Greubel's test to the extent it would impose a heightened pleading standard in cases of alleged copyright infringement.[3] However, the court will address each of

---

[2]   At least one district court, in summarizing the standard that Greubel advocates, has observed that it functions as a heightened pleading standard. *Sefton v. Jew*, 201 F.Supp.2d 730, 747 (W.D. Tex. 2001).

[3]   The four-part test on which Greubel relies was developed before the Supreme Court's opinion in *Leatherman*, which emphasized that a federal court complaint for most causes of action must satisfy only the liberal system of notice pleading. *Leatherman*, 507 U.S. at 167-169, 113 S.Ct. at 1163. Nearly a decade later, the Supreme Court decided the *Swierkiewicz* case and reiterated its disapproval of judicially created heightened pleading requirements not otherwise

Greubel's complaints to the extent he alleges that the pleading deficiencies deny him fair notice of the claims against him.

Greubel complains that Plaintiffs have not sufficiently identified the copyrighted works that have been allegedly infringed or properly alleged their ownership of the copyright for each work. Greubel agrees that Exhibit A, the song list appended to Plaintiffs' complaint, adequately identifies specific copyrighted works to which Plaintiffs have asserted ownership rights, but he complains that the same cannot be said of Exhibit B. Greubel contends that Exhibit B, which reflects some 1,087 files allegedly found on his computer,[4] is the subject of only vague allegations that unspecified files listed on the exhibit reflect sound recordings owned or exclusively licensed to Plaintiffs or their affiliated companies.

Plaintiffs assert in their complaint that they own some of the copyrights for the sound recordings disclosed on Exhibit B to their complaint. Although they do not specify which sound recordings on Exhibit B are at issue and for which statutory damages will be sought, the plaintiffs note that this can be developed through discovery. Plaintiffs also complain that requiring them to narrow their complaints at this stage serves only to penalize them when the lack of specificity Greubel complains of in their pleading is the result of the scope of Greubel's infringement as reflected on

---

required by statute or the Federal Rules of Civil Procedure. *Swierkiewicz*, 534 U.S. at 512-13, 122 S.Ct. at 998; *see also Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396-97 (5th Cir. 2005).

[4] In their response, Plaintiffs clarify that 631 of those files reflect sound recordings, although Plaintiffs do not assert copyright ownership with respect to all of those sound recordings. (Plf. Resp. at 3).

the computer printout.

Although Plaintiffs have not identified every copyrighted recording by name, the inclusion of a partial song list and a printout of allegedly offending files on Greubel's computer provides Greubel with sufficient notice of the basis of Plaintiffs' complaint for copyright infringement. *Cf. Warner Bros. v. Payne*, No. W-06-CA-051, slip op. at 4-5 (W.D. Tex. July 17, 2006)(denying motion to dismiss and finding attachment of screen shots alleged taken from defendant's share folder was sufficient to provide fair notice); *Interscope Records v. Duty*, No. 05CV3744-PHX-FJM, 2006 WL 988086, at *2 (D. Ariz. Apr. 14, 2006)(denying motion to dismiss and finding that complaint incorporating computer screen printouts of alleged copyrighted works on defendant's computer was sufficient under liberal pleading standards). The court agrees with Plaintiffs that specific information to narrow the issues and copyrights at stake can be obtained through discovery.

Greubel also contends that Plaintiffs have failed to properly allege registration of the sound recordings because they have not attached the certificates of registration to their complaint or identified each allegedly copyrighted work by its registration number. Copyright registration or preregistration is a prerequisite for bringing a copyright infringement action. 17 U.S.C. § 411(a). *See Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997). But Greubel's argument is unpersuasive. Plaintiffs have alleged that each copyright that is the subject of this action is properly registered with the copyright office, and the court must accept these allegations as true for purposes of a motion to dismiss. (Plf. Compl. ¶11.) Plaintiffs have sufficiently pleaded

7

the matter of registration of the copyrights.

Greubel finally contends that the complaint must be dismissed in its entirety because Plaintiffs have not alleged by what specific acts and at what specific times he infringed their copyrights.   Plaintiffs have alleged that Greubel, without permission, "has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." (Plf. Compl. ¶13.).

Plaintiffs have adequately stated acts of copyright infringement by alleging that Greubel has violated Plaintiffs' exclusive rights of reproduction and distribution, which are specific enumerated rights recognized under copyright law.[5]   17 U.S.C. § 106.   *See Sony Music Entm't Inc. v. Does 1-40*, 326 F.Supp.2d 556, 565-566 (S.D.N.Y. 2004)(finding that allegations of peer-to-peer Internet file-sharing stated a prima facie case of copyright infringement); *see also Maverick Recording Co. v. Goldshteyn*, 2006 WL 2166870, at *2-4 (E.D.N.Y. July 31,

---

[5]   Plaintiffs' allegations distinguish this case from *Brought to Life Music, Inc. v. MCA Records, Inc.*, which Greubel cites in support of his position. In *Brought to Life*, the district court granted a motion to dismiss the complaint, in part because the plaintiff had not alleged violation of any of its exclusive rights in the copyrighted works. *Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 U.S. Dist. LEXIS 1967, at *2 (S.D.N.Y. 2003).  Greubel also relies on *Tom Kelley Studios, Inc. v. International Collectors Society, Inc.*, 1997 U.S. Dist. LEXIS 147571 (S.D.N.Y. 1997). But in that case, the district court granted the defendants' motion for more definite statement because the complaint had failed to allege specific acts of infringement with respect to specific copyrights owned by the plaintiffs, and attachments to the pleading were too blurred to be useful. *Tom Kelley*, 1997 U.S. Dist. LEXIS 147571, at *3.   Nor is Greubel's position strengthened by his reliance on *Gee v. CBS, Inc.*, 471 F.Supp. 600 (D.C. Pa. 1979).   The district court in *Gee* dismissed the plaintiffs' complaint because it failed to identify one single copyrighted song being allegedly infringed and failed to plead the plaintiffs' present ownership of the copyrights.  *Id.* at 643-44.

2006)(denying motion to dismiss after reviewing complaint with allegations identical to those against Greubel and deeming them sufficient to state a claim for copyright infringement); *Elektra Entm't Group, Inc. v. Santangelo*, No. 05Civ. 2414(CM), 2005 WL 3199841, at *2 (S.D.N.Y. Nov. 28, 2005)(reviewing identical allegation and finding plaintiffs had adequately pleaded a claim for copyright infringement). Plaintiffs need not list each and every individual act of infringement of their exclusive rights at this preliminary stage of the proceedings.[6] *See Capitol Records, Inc. v. Wings Digital Corp*., 218 F.Supp.2d 280, 284 (E.D.N.Y. 2002); *Carell v. Shubert Org., Inc.*, 104 F.Supp.2d 236, 251 (S.D.N.Y. 2000). As for timing, Greubel complains that the Plaintiffs' allegations of ongoing or continuous conduct are ineffective, but specific dates and times for the alleged instances of copyright infringement are matters that can be clarified during discovery. *See Franklin Elec.*, 763 F.Supp. at 4 (declining to dismiss complaint that did not allege date that copyright infringement commenced, but did allege continuing infringement); *Maverick Recording*, 2006 WL 2166870, at *4 (deeming it sufficient for plaintiffs to allege continuing violation rather than specific dates for infringing activity); *Elektra Entm't*, 2005 U.S.Dist. LEXIS 30388, at *8-9 (finding that assertion of continuous and

---

[6] Greubel suggests that allegations pleaded by using "and/or" do not plead acts of infringement with sufficient specificity. *See Lindsay v. R.M.S. Titanic*, 1999 U.S. Dist. LEXIS 15837, at *12 (S.D.N.Y. 1999) (dismissing allegations against one copyright infringement defendant accused of "unlawfully purchase and/or otherwise obtaining copies" of the copyrighted work as vague and conclusory). The Court disagrees with the contention that the use of the phrase "and/or" in a complaint does not satisfy the liberal notice pleading requirements of Federal Rule of Civil Procedure 8, which permits a party to state as many separate claims or defenses as he has, regardless of consistency. Fed. R. Civ. P. 8(e)(2).

ongoing infringement satisfies pleading requirements for copyright infringement). *See also Fonovisa,Inc. v. Alvarez*, No. 1:06-CV-011, slip op. at 7 (N.D. Tex. July 24, 2006)(order denying motion to dismiss)(leaving clarification of dates and times to the discovery process).

Plaintiffs' pleading provides a short and plain statement that alleges both their copyright ownership and violation of one or more of the exclusive rights identified in 17 U.S.C. § 106.  Although the complaint provides limited factual particulars, it complies with Federal Rule of Civil Procedure 8 by giving Greubel fair notice of the copyright claims against him and the grounds for this litigation.

2.   Distribution Rights

Greubel asserts that Plaintiffs' claim that their exclusive distribution rights have been violated should be dismissed because electronic transmissions over computer networks cannot violate a copyright owner's exclusive right of distribution.  *See generally* 17 U.S.C. § 106(3). Greubel relies on the language of Section 106(3), which grants to the owner of the copyright the exclusive right

> (3)  to  distribute  copies  or  phonorecords  of  the
> copyrighted work to the public by sale or other transfer
> of ownership, or by rental, lease, or lending.

17 U.S.C. § 106(3).  Greubel asserts that Section 106(3) contemplates distribution of tangible objects, not electronic transmissions over computer networks.[7]

---

[7] The Copyright Act defines phonorecords as "material objects in which sounds, other than those accompanying a motion picture or other audiovisual work, are fixed by any method now known or later developed, and from which the sounds can be perceived, reproduced, or otherwise communicated, either directly or with

There are scholarly articles reflecting debate over the scope of Section 106(3) and its ability to keep pace with new technology in light of the role the internet is now playing in the sharing of information, copyrighted or not. *See, e.g.,* R. Anthony Reese*, The Public Display Right: The Copyright Act's Neglected Solution to the Controversy Over RAM Copies*, 2001 U. ILL. L. REV. 83, 126 (2001); April M. Major, *Copyright Law Tackles Yet Another Challenge: the Electronic Frontier of the World Wide Web* 24 RUTGERS COMPUTER & TECH. L.J. 75, 98-102 (1998); Jessica R. Friedman, *A Lawyer's Ramble Down the Information Superhighway*, 64 FORDHAM L. REV. 697, 712-16 (Dec. 1995). *But see* Niels Schaumann, *Copyright Infringement and Peer-to-peer Technology*, 28 WM. MITCHELL L. REV. 1001, 1037 (2002)(asserting that receipt of digital phonorecord transmission is generally the legal and functional equivalent of a tangible copy). But even if the statutory language is arguably ambiguous on this point,[8] the courts have not hesitated to find copyright infringement by distribution in cases of file-sharing or electronic transmission of

---

the aid of a machine or device." 17 U.S.C. § 101. Copies are defined as "material objects, other than phonorecords, in which a work is fixed by any method now know or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." *Id.* A work is "fixed" in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration. *Id.*

[8] As reflected on its internet website and reported during congressional hearings, the Copyright Office takes the position that using peer-to-peer networks to copy or distribute copyrighted works without permission infringes the exclusive rights of reproduction and/or distribution. United States Copyright Office, Copyright and Digital Files, http://www.copyright.gov/help/faq/faq-digital.html#p2p (last visited Aug. 21, 2006)(answering question "Is it legal to download works from peer-to-peer networks and if not, what is the penalty for doing so?"); *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks: Hearing Before the Committee on the Judiciary*, 108th Cong. (2003)(statement of Marybeth Peters, Register of Copyrights).

copyrighted works. *See New York Times Co., Inc. v. Tasini*, 533 U.S. 483, 498, 121 S.Ct. 2381, 2390, 150 L.Ed.2d 500 (2001)(holding that LEXIS/NEXIS, by selling copies of copyrighted articles through its NEXIS database, had exercised the exclusive right of distribution recognized by Section 106(3)); *In re Aimster Copyright Litig.*, 334 F.3d 643, 644 (7th Cir. 2003)(accepting without discussion that internet users who swap computer files containing popular copyrighted music by making and transmitting digital copies commit acts of infringement); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001)(agreeing that downloading and uploading of copyrighted music infringes exclusive rights of reproduction and distribution respectively). *See also Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F.Supp. 543, 551 (N.D.Tex. 1997)(concluding that defendant "distributed" copyrighted works by allowing its users to download and print copies of electronic image files); *Playboy Enters., Inc. v. Frena*, 839 F.Supp. 1552 (M.D. Fla. 1993)(finding that copyrighted photographs posted on internet website implicated Playboy's exclusive right of distribution). At the very least, the issue is not one that would justify dismissing the complaint and precluding the parties from developing facts relevant to the claim of infringement by distribution.[9]

Greubel also contends that making sound recordings available online by listing copyrighted works in an electronic file directory that is accessible by others does not constitute infringement of the exclusive right of distribution because there is no actual

---

[9]   At this stage of the proceedings, the court does not believe it is necessary to determine the tangible or intangible nature of the internet transfer or transmission of computer files containing sound recordings.

dissemination of the copyrighted material.  Greubel asserts that Exhibit B, being a passive list of electronic files on a particular computer, cannot render the owner of that computer liable merely for storing the files and making them available to unknown "would-be" infringers through an internet account.  He notes that Exhibit B does not reflect actual instances of either distribution (by uploading to other computers) or reproduction (by downloading to another computer), and accordingly, he asserts that Plaintiffs' complaint presents no cognizable claim for copyright infringement for violation of 17 U.S.C. § 106(3).

Contrary to Greubel's position, the courts have recognized that making copyrighted works available to others may constitute infringement by distribution in certain circumstances.[10]  As a general rule, distribution is accomplished by actual dissemination of the copyrighted work. *National Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 434 (8th Cir. 1998); *Perfect 10 v. Google, Inc.*, 416 F.Supp.2d 828, 844 -845 (C.D. Cal. 2006).  But the right of distribution also has been identified as synonymous with the publication of a copyrighted work.  *Harper & Row Publs., Inc. v. Nation Enters.*, 471 U.S. 539, 552, 105 S.Ct. 2218, 2226, 85 L.Ed.2d 588 (1985); *Agee v. Paramount Commc'ns, Inc.*, 59 F.3d 317, 325 (2nd Cir. 1995); *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 299 (3rd Cir. 1991).  *See also* 17 U.S.C.A. § 106

---

[10]  Plaintiffs argue that copyright law, and specifically the exclusive right of distribution, must encompass the right to make copyrighted works available for distribution, otherwise the United States is not in compliance with the World Intellectual Property Organization (WIPO) Copyright Treaty, which the United States has ratified.  *See* WIPO Copyright Treaty arts. 6, 8, 14, Apr. 12, 1997, S. Treaty Doc. No. 105-17, *available at* 1997 WL 447232. The Court concludes that Greubel's motion to dismiss can be disposed of without addressing the issue of compliance with the treaty or the legislative history surrounding congressional implementation of the treaty's provisions.

historical notes (2005)(summarizing the fundamental rights of copyright). The Copyright Act does not define "distribution," but it defines "publication" as the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending, and further provides that "offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication." 17 U.S.C. § 101. Plaintiffs contend that, therefore, actual dissemination of the copyrighted work is unnecessary so long as there is an offer to distribute copies.[11]

Plaintiffs' position has received favorable attention from the courts.  The seminal case of *Hotaling v. Church of Jesus Christ of Latter-Day Saints* is illustrative. *See Hotaling v. Church of Jesus Christ of Latter Day Saints*, 118 F.3d 199 (4th Cir. 1997). The copyright holder of various genealogy research materials sued the church after learning that the church had made unauthorized copies of the research materials and placed those copies in its library collections across the country.  The church was unable to produce records to reflect whether the materials had been loaned out to the public, but the plaintiff argued that the fact that the libraries had the unauthorized copies in their collections, and thus available to the public, constituted distribution within the

---

[11]   Notwithstanding Plaintiffs' argument and the statutory definition of "publication," not just any offer to distribute will suffice. *See In re Napster, Inc. Copyright Litig.*, 377 F.Supp.2d 796, 805 (N.D. Cal. 2005).  The statute expressly limits the reach of publication by way of an offer for sale to situations where further distribution, public performance, or public display is contemplated.  17 U.S.C. § 101; *Napster*, 377 F.Supp.2d at 804.  This is an evidentiary burden not properly disposed of by a motion to dismiss.

meaning of copyright law. *Id*. at 203. The court agreed with Hotaling, and ruled that the library, by adding the work to its collection, listing the work in its index or catalog system, and making the work available to the borrowing or browsing public, had completed all steps necessary for distribution of a copyrighted work. *Id. But see Arista Records, Inc. v. MP3Board, Inc.*, No. 00Civ. 4660 (SHS), 2002 U.S. Dist. LEXIS 16165, at *13-14 (S.D.N.Y. Aug. 28, 2002)(distinguishing *Hotaling* on the ground that proof of dissemination was not available to Hotaling through fault of the alleged infringing party and reiterating that proof of actual use by the public is usually required to establish distribution).

The facts in *Interscope Records v. Duty* are even more similar to the allegations against Greubel. Several recording companies sued individual computer user Lindsey Duty for copyright infringement, alleging that Duty used a peer-to-peer online network to download and distribute copyrighted music without authorization. *Duty*, 2006 WL 988086, at *1. Duty moved to dismiss the complaint on the ground that Plaintiffs had not stated a claim for infringement in alleging that Duty made copyrighted recordings available for distribution, rather than alleging actual dissemination of the recordings to members of the public. The district court disagreed with Duty, finding that the presence of copyrighted sound recordings in Duty's share files might constitute copyright infringement. *Id*. at *2. The district court clarified that it was not concluding that the mere presence of the copyrighted sound recordings in Duty's share file established copyright infringement, but the district court thought the liability issue would be more appropriately addressed by a motion for summary judgment after

further development of the facts.  *Id.*

    *Warner Brothers Records v. Payne* also involves similar underlying facts. *Warner Bros. Records v. Payne*, No. W-06-CA-051, slip op. at 2 (W.D. Tex. July 17, 2006).  The plaintiff recording companies sued Payne for violating their exclusive rights of reproduction and distribution by using Kazaa, an online file-sharing program. Payne moved to dismiss the action on grounds that the plaintiffs had not pleaded a claim for copyright infringement with sufficient particularity and that merely making music files available through a file-sharing program was not an act of copyright infringement. *Id*. at 3, 5.  The district court concluded the pleading was sufficient to provide fair notice of the plaintiffs' claims, and further found that the listing of unauthorized copies of sound recordings available through an online file-sharing system might constitute an offer to distribute copyrighted works in violation of the copyright owner's exclusive right of distribution. *Id*. at 5-6. The district court also opined that offering to distribute a music file by listing it on an online file-sharing system available to countless other users of the system contemplated the possibility of further distribution. *Id*. at 8.  The district court declined to dismiss the plaintiffs' "making available" theory of copyright infringement without allowing further development of the facts.  *Id.*

    Most recently, the Honorable Sam Cummings of this Court considered whether merely making copyrighted works available to others violated the exclusive right of distribution. *Fonovisa, Inc. v. Alvarez,* No. 1:06-CV-00011-C, slip op. at 5.  The defendant had moved to dismiss the complaint for various shortcomings,

16

including the plaintiffs' assertion that the defendant had violated the right of distribution merely by making works available to fellow internet users. Judge Cummings denied the motion to dismiss. He declined to determine whether the defendant had in fact violated the right of distribution by making the copyrighted works available, but instead concluded that the theory might present a possible ground for liability, which rendered dismissal inappropriate. *Id.* at 5-6.

Greubel relies on *In re Napster, Inc.,* in which the district court ruled that Napster's maintenance of a centralized index that listed formatted music files available from other Napster users did not state a violation of the exclusive distribution right. *In re Napster, Inc. Copyright Litig.*, 377 F.Supp.2d 796, 802-05 (N.D. Cal. 2005). The district court reviewed the *Hotaling* decision, but found it distinguishable because Napster, unlike the library maintained by the Church of the Latter Day Saints, did not have the actual works available on its system or in its collection. *Id.* at 803. The court rejected the plaintiffs' attempts to impose direct liability against Napster for infringement of the exclusive right of distribution; however, the court denied Napster's motion for summary judgment on a secondary or contributory infringement theory related to Napster users who uploaded or downloaded MP3-formatted files using the Napster network.[12] *Id.* at 806; *see also Aimster*, 334 F.3d at 646-47 (upholding injunctive relief because Aimster could be a contributory infringer by facilitating internet exchange

---

[12]   A contributory infringer induces or encourages direct infringement, while a vicarious infringer profits from direct infringement while declining to exercise a right to stop or limit it. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S.Ct. 2764, 2776, 162 L.Ed.2d 781 (2005).

of copyrighted songs, but Aimster was not a direct infringer because the songs resided on computers of individual users, not Aimster's server).

Greubel also compares his case to the copyright-infringement claims in *Obolensky v. G.P. Putnam's Sons*, 628 F.Supp. 1552 (S.D.N.Y. 1986). Copyright owners brought suit against a publishing company for infringement because a trade publication had incorrectly listed Putnam's as the publisher of the copyrighted book. The court found that the plaintiffs had not stated a claim for infringement of their right of distribution because it was undisputed that the defendant never copied the book, never sold any copies of the book, and never had any copies of the book in its possession, custody or control. *Id*. at 1555-56.

Given that the complaint must be liberally construed in favor of Plaintiffs at this stage of the proceedings, the court concludes that the facts as pleaded against Greubel are comparable to the claims in *Hotaling*, *Duty*, *Payne* and *Alvarez*, and distinguishable from the circumstances present in *Napster* and *Obolensky*.[13] Plaintiffs have done more than allege that Greubel maintained a passive indexing system of copyrighted music. Plaintiffs assert that Greubel made the copyrighted recordings available to others without permission and actively reproduced and/or distributed the copyrighted recordings as well.

---

[13] Greubel also relies on *SBK Catalogue Partnership v. Orion Pictures Corporation*, in which the district court opined that merely authorizing another person to distribute copyrighted work owned by a third party, absent proof that the other person actually distributed the work, was insufficient to impose liability on the authorizing party under the doctrine of contributory infringement. *SBK Catalogue P'ship v. Orion Pictures Corp.*, 723 F.Supp. 1053, 1064-65 (D.N.J. 1989). *SBK* is distinguishable on its facts.

Greubel fails to establish that Plaintiffs can establish no set of circumstances under which they might prevail on their claim of copyright infringement. Accordingly, the court concludes that the motion to dismiss should be denied.


B.   Motion for More Definite Statement

Pursuant to Federal Rule of Civil Procedure 12(e), Greubel requests that the court order Plaintiffs to provide a more definite statement to clarify ambiguous and vague allegations in the complaint.[14] Greubel relies on the same arguments he presented in support of his contention that the complaint should be dismissed as ambiguous and vague. He is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading.[15]  *See* Fed. R. Civ. P. 12(e); *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959)(holding that Rule 12(e) is not to be used as a substitute for discovery).  An order directing Plaintiffs to provide a more definite statement is not warranted.


IV.   ORDER

Defendant David Greubel's Motion to Dismiss Plaintiffs' Complaint [doc. # 15] is DENIED. His alternative motion for more

---

[14] By incorporating this request in his motion to dismiss, Greubel has not complied with the local civil rules. Although a party may file a document that contains more than one motion, the document must identify each included motion in its title. N.D. TEX. LOC. CIV. R. 5.1(c). Greubel's motion is titled only as a motion to dismiss the complaint.

[15] Local Rule 12.1, repealed effective September 1, 2006, was in effect when Greubel filed his motion. It also prohibited a party from filing a motion for more definite statement when the information sought could be obtained through discovery. *See* N.D. TEX. LOC. CIV. R. 12.1.

definite statement is also DENIED.

SIGNED September 1, 2006.


TERRY R. MEANS
UNITED STATES DISTRICT JUDGE